UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CAINE J. WILLE,

    **Plaintiff,**

    v.                                    Case No. 13-CV-1024

**WISCONSIN DEPARTMENT OF CORRECTIONS**
and **STANLEY CORRECTIONAL INSTITUTION,**

    **Defendants.**

---

## SCREENING ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $4.64.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at

327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff, who is currently incarcerated at Waupun Correctional Institution, is suing the Wisconsin Department of Corrections (DOC) and Stanley Correctional Institution (SCI), a DOC institution. According to the amended complaint, prior to his incarceration, plaintiff was a life-long resident of Crawford and Grant Counties, Wisconsin, and he knows several DOC officers employed at Prairie du Chien Correctional Institution and Wisconsin Secure Program Facility (WSPF).

Plaintiff was incarcerated at SCI on July 2, 2012. In December 2012, he was advised that SCI social worker Ms. Barth recommended that he be transferred to WSPF. Based on his personal correction to several WSPF correctional officers, plaintiff objected to the transfer because he knew that he would not be safe there. Plaintiff wrote to Ms. Barth about his concerns and later spoke with Lieutenant Elsinger and the Stanley Chief of Police about the issue. However, Ms. Barth did not change her recommendation, the reviewing committee followed the recommendation, and plaintiff was transferred to WSPF. A "major conflict" occurred between plaintiff and several WSPF staff members which placed plaintiff and his family at risk of retaliation.

3

Plaintiff claims that defendants violated his First Amendment right to petition for redress because they transferred him after he petitioned to not be transferred. He also claims that defendants violated his rights under the Eighth Amendment because they transferred him to WSPF when they knew he could be harmed there. For relief, plaintiff seeks compensatory and punitive damages.

Plaintiff's allegations implicate his rights under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). With regard to retaliation, it appears that plaintiff claims that defendants transferred him to WSPF in retaliation for his petitions to not be transferred there. However, plaintiff alleges that Ms. Barth recommended the transfer before any of his requests. Plaintiff does not allege that Ms. Barth's initial recommendation was based on any complaint or petition he made. Thus, I do not discern a retaliation claim. Additionally, the DOC and SCI are not suable defendants under § 1983. See Dobbey v. Ill. Dep't of Corr., 574 F.3d 443, 444 (7th Cir. 2009); Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989).

If plaintiff wants to proceed on his Eighth Amendment claim, he must file a second amended complaint naming defendants who were personally involved in his complaint allegations. See Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008). Such amended complaint must be filed on or before **January 13, 2014**. Failure to file a second amended complaint within this time period may result in dismissal of this action.[1]

---

[1] On December 12, 2013, plaintiff filed a Supplemental Document per § 1983 in which he seeks to add additional defendants and claims to his amended complaint. Plaintiff should include any new parties and claims in his second amended complaint, as described herein.

4

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Also, plaintiff must use the enclosed complaint form for his second amended complaint. The second amended complaint supersedes the prior complaint and must be complete in itself without reference to the prior complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If a second amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

## Additional Motions

Plaintiff has filed a motion for appointment of counsel because he cannot afford an attorney. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses on not only plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

In this case, plaintiff has not provided any indication that he unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, plaintiff provided a detailed complaint setting forth his claims. Although plaintiff names the wrong defendants, his

5

filings reveal that he has a good grasp of the issues and the ability to present them to the court. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that plaintiff is competent to litigate this case himself. Accordingly, his motion for appointment of counsel will be denied.

Plaintiff has filed a motion to commence discovery. Plaintiff is advised that this case is not ready for discovery until he files his second amended complaint and defendants respond to the pleading. At that time, I will enter a Scheduling Order setting deadlines for the completion of discovery and filing dispositive motions. Thus, his motion will be denied.

Plaintiff has filed a motion for injunction that he be bound to all statements to SCI administration and the Stanley Chief of Police. The meaning of this motion is not entirely clear. In any event, the court will consider plaintiff's sworn statements in this case to be truthful, consistent with the Federal Rules of Civil Procedure. Plaintiff's motion will be denied.

Plaintiff has filed a motion for default judgment because defendants have failed to appear in this action. However, under the Prison Litigation Reform Act, prisoners' complaints are reviewed under 28 U.S.C. § 1915A and the defendants are not notified and served with process until the court finds that they pass the statutory screen. Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004). In this case, defendants have not appeared in the case because plaintiff has not yet passed the statutory screen. Thus, plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket 4) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed on amended complaint (Docket 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion with notice to commence discovery (Docket 20) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunction (Docket 26) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment (Docket 36) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **January 13, 2014**, plaintiff shall file a second amended complaint curing the defects in the prior complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail plaintiff a pro se prisoner complaint form along with this Screening Order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $345.36 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2013.

> s/ Lynn Adelman
> _____
> LYNN ADELMAN
> District Judge