# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CAINE J. WILLE,**

    **Plaintiff,**

    v.                                     Case No. 13-CV-1024

**WISCONSIN DEPARTMENT OF CORRECTIONS,**
**STANELY CORRECTIONAL INSTITUTION,**

    **Defendants.**

## DECISION AND ORDER

This matter is before me to screen plaintiff's second amended complaint. See 28 U.S.C. § 1915A. As directed in the first Screening Order (Docket 42), plaintiff has identified individual defendants involved in his Eighth Amendment claim that Stanley Correctional Institution (SCI) officials transferred him to Wisconsin Secure Program Facility (WSPF) despite plaintiff's warning that transferring him to that institution posed safety concerns based on his personal relationship with officers there. Once transferred, a major conflict took place between plaintiff and several WSPF staff members which put him and his family at risk of retaliation. All individual defendants are employed at SCI: Warden Pugh, Lt. Elsinger, Ms. Barth, Security Director Doe, and Deputy Warden Doe. Plaintiff also names as defendants SCI and the Wisconsin Department of Corrections. However, he may not proceed against these entities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989).

In addition, the second amended complaint includes allegations relating to events that occurred after plaintiff was transferred to WSPF and at his next institution, Waupun

Correctional Institution. However, plaintiff does not name any defendants involved in allegations at those instituitons. Even if he did, it does not appear that any claims based on those allegations would be properly joined in this lawsuit. See Fed. R. Civ. P. 18, 20.

Plaintiff may proceed on his Eighth Amendment claim against the SCI defendants as set forth herein. He should use discovery to identify the Doe defendants.

## ADDITIONAL MATTERS

Plaintiff has filed a motion to supplement factual complexity regarding appointment of counsel (Docket 41). I denied plaintiff's motion to appoint counsel on December 18, 2013 (Docket 42) because plaintiff did not satisfy the threshold requirement of trying to find an attorney on his own. His new filing does not state that he has satisfied that requirement. In addition, plaintiff filed his second amended complaint and appears competent to proceed on his own at this time. Thus, to the extent that the instant motion requests pro bono counsel, the request will be denied.

Plaintiff has filed a motion for default judgment based on defendants' failure to answer or otherwise present a defense in this matter (Docket 47). However, as set forth in the first Screening Order, defendants are not required to answer until the complaint is screened and they are served with the pleading. This order will direct service of the second amended complaint on the defendants.

**IT IS THEREFORE ORDERED** that plaintiff's motion to supplement factual complexity (Docket 41) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed on second amended complaint (Docket 43) is **GRANTED**. The second amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that defendants Stanley Correctional Institution and Wisconsin Department of Corrections are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment (Docket 47) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge